Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IV

| SANTANA BÁEZ, ELIEZER<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | TA2025RA00265 | Revisión Administrativa procedente de Departamento de Corrección y Rehabilitación, División de Remedios Administrativos<br><br>Querella Núm.: Q-266-25<br><br>Sobre: Solicita Parchos de Calzado Deportivos |
|---|---|---|

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero

**Ortiz Flores, Jueza Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 15 de octubre de 2025.

Comparece por derecho propio y en *forma pauperis* ante este Tribunal de Apelaciones, el señor Eliezer Santana Báez (Sr. Santana Báez; recurrente) mediante el recurso de epígrafe y nos solicita que revoquemos la *Resolución* emitida por la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación (DCR; recurrido).

Adelantamos que, por los fundamentos que expondremos a continuación, confirmamos la resolución recurrida sin trámite ulterior bajo lo dispuesto en la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (B) (5).[1]

**I**

Surge del expediente ante nos que el Sr. Santana Báez se encuentra recluido en la Institución correccional de Bayamón 292 y que el 27 de mayo de 2025 presentó una *Solicitud de Remedio Administrativo.* En su solicitud manifestó que en el área de ropería se encontraba retenida parte de su calzado, por lo que solicitaba que se le hiciera entrega de esta.[2] En

---

[1] Esta regla nos permite "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante [nuestra] consideración, con el propósito de lograr su más justo y eficiente despacho".

[2] Apéndice del recurso, Anejo 3, *Solicitud de Remedio Administrativo.*

respuesta a lo anterior, se le notificó al recurrente que el Teniente Oneill Montalvo verificó la información, sin embargo, no halló lo reclamado y recomendó verificar otra institución.[3] Insatisfecho con lo comunicado, el Sr. Santana Báez presentó el 24 de junio de 2025 una *Solicitud de Reconsideración* en la que expuso que recibido un paquete se habían llevado el mismo y se quedaron con los "stickers" y cabetes de sus zapatos.[4] Añadió que con el tiempo le hicieron entrega de los cabetes, pero no de los "stickers" o sellos de velcro y que le dijeron que estos se quedaron en el área de ropería. El DCR acogió su *Solicitud de Reconsideración* el 8 de julio de 2025.[5] Como corolario de lo anterior, el 19 de agosto de 2025 el DCR emitió *Resolución* al respecto.

En su decisión, el DCR realizó determinaciones de hechos y conclusiones de derecho y confirmó lo notificado por el Teniente Oneill Montalvo. Además, orientó al Sr. Santana Báez que al recibir pertenencias estas serían revisadas y todo aquello que no estuviese conforme a la reglamentación vigente, podía ser confiscado por el área de seguridad. Inconforme con lo resuelto, el Sr. Santana Báez manifestó en su recurso el siguiente único señalamiento de error:

> Erró el DCR al no hacerme entrega de mis parchos o stickers de los [tenis] o a mi familia cuando ellos me los permitieron al recibir los [tenis], más luego decir que no los encuentran y más adelante rogarse la facultad de confiscarle las cosas a uno cuando [e]so no es ilegal.

**II**

**A**

Es norma asentada que las decisiones de los organismos administrativos merecen la mayor **deferencia judicial**, pues son estos los que cuentan con el conocimiento experto de los asuntos que les son encomendados. *The Sembler Co. v. Mun. de Carolina*, 185 DPR 800, 821 (2012). Al momento de "revisar una decisión administrativa, el criterio rector para los tribunales será la razonabilidad de la actuación de la

---

[3] Apéndice del recurso, Anejo 3, *Respuesta del área concernida/superintendente*.
[4] Apéndice del recurso, Anejo 3, *Solicitud de Reconsideración*.
[5] Apéndice del recurso, Anejo 3, *Respuesta de Reconsideración al Miembro de la Población Correccional*.

agencia." *González Segarra et al. v. CFSE*, 188 DPR 252, 276 (2013). Luego, "[e]n caso de que exista más de una interpretación razonable de los hechos, el tribunal debe sostener la que seleccionó la agencia, y no sustituir su criterio por el de ésta." *Pacheco v. Estancias*, 160 DPR 409, 432 (2003). A su vez, "[e]l expediente administrativo constituirá la *base exclusiva* para la decisión de la agencia en su procedimiento adjudicativo y para la revisión judicial ulterior." *Torres v. Junta Ingenieros*, 161 DPR 696, 708 (2004).

La Sección 4.5 de la Ley de Procedimiento Administrativo Uniforme (LPAU), 3 LPRA sec. 9675, establece el alcance de la revisión judicial de una determinación administrativa, como sigue:

> El tribunal podrá conceder el remedio apropiado si determina que el recurrente tiene derecho a un remedio.
>
> Las determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal, si se basan en evidencia sustancial que obra en el expediente administrativo.
>
> Las conclusiones de derecho serán revisables en todos sus aspectos por el tribunal.

Se ha pautado por el Tribunal Supremo de Puerto Rico que "los procesos administrativos y las determinaciones de hechos de las agencias est[á]n cobijados por una presunción de regularidad y corrección", por lo que "la revisión judicial se limita a determinar si hay evidencia sustancial en el expediente para sostener la conclusión de la agencia o si ésta actuó de manera arbitraria, caprichosa o ilegal." *Vélez Rodríguez v. Administración de Reglamentos y Permisos*, 167 DPR 684, 693 (2006)

Es decir, si la parte recurrente quiere prevalecer, está obligada a presentar la evidencia necesaria que permita, como cuestión de derecho, descartar la presunción de corrección de la determinación administrativa. *Camacho Torres v. AAFET*, 168 DPR 66, 91 (2006). Se sabe que la revisión judicial de determinaciones administrativas ha de limitarse a evaluar si la agencia actuó de manera arbitraria, ilegal, irrazonable, o fuera del marco de los poderes que se le delegaron. *Torres v. Junta Ingenieros*, *supra*, a la pág. 708. En ese sentido, la parte que

recurre judicialmente una decisión administrativa tiene el peso de la prueba para demostrar que las determinaciones de hechos no están basadas en el expediente o que las conclusiones a las que llegó la agencia son irrazonables. *Rebollo Vda. de Liceaga v. Yiyi Motors*, 161 DPR 69, 77 (2004). La presunción de corrección de la decisión administrativa cederá en las siguientes circunstancias: (1) cuando no está basada en evidencia sustancial; (2) cuando el organismo administrativo ha errado en la aplicación de la ley, y (3) cuando ha mediado una actuación irrazonable o ilegal. *Otero v. Toyota*, 163 DPR 716, 729 (2005).

**III**

El Sr. Santana Báez expone en su recurso que el DCR no tiene facultad de confiscar las pertenencias que le trae su familia, sino que se deben devolver. Por tal motivo, nos solicita que revoquemos la *Resolución* emitida por el DCR y ordenemos la devolución de los parchos de sus zapatos. Luego de examinar el recurso y sus anejos, no hemos encontrado prueba que nos mueva a alterar la determinación del DCR. Conforme con lo intimado anteriormente, las determinaciones de hechos de las agencias administrativas gozan de una presunción de corrección que le corresponde derrotar a quien las impugna. Del expediente surge que el DCR atendió la solicitud de remedio del recurrente y su determinación es razonable y merece nuestra deferencia.

**IV**

Por los fundamentos que nos anteceden, confirmamos la decisión recurrida.

**Notifíquese.**

Lo acuerda y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones